IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:15CR343 |
| v. | ) | |
| | ) | ORDER |
| JERELL HAYNIE, and GREGORY BAHATI, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Motions for Disclosure of Confidential Witnesses filed by Defendants Gregory Bahati (Filing No. 211) and Jerell Haynie (Filing No. 241).

Bahati seeks an order requiring the Government to disclose the identity of C/I 1355. Bahati asserts the informant has personal knowledge of and can testify about the history of Omaha gangs, provide exculpatory evidence regarding the existence of the alleged enterprise, and refute testimony of the Government's experts. (Filing No. 211). Haynie seeks an order requiring the Government to disclose the identity of C/I 1355 as well as the identities of Victim #1 and Victim #2 referenced in Counts I, II, III, and IV of the Superseding Indictment. (Filing No. 241). The Superseding Indictment alleges Haynie used a firearm to shoot at Victim #1 because Haynie believed Victim #1 was an informant. (Filing No. 33 at p. 7). The Superseding Indictment further alleges Haynie engaged in a verbal altercation with and accused Victim #2 of talking to law enforcement, and subsequently Haynie shot at a residence occupied by Victim #2. (Filing No. 33 at p. 9).

"The need for protecting the identity of government informants is well recognized." *United States v. Foster*, 815 F.2d 1200, 1202-03 (8th Cir. 1987) (citations omitted)). "In order to override the government's privilege of non-disclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to

determination of the case." *United States v. Hollis*, 245 F.3d 671, 674 (8th Cir. 2001) (quoting *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 2001)).

"[T]he defendant bears the burden of demonstrating the need for disclosure." *United States v. Lapsley*, 334 F.3d 762, 763 (8th Cir. 2003) (citing *United States v. Wright*, 145 F.3d 972, 975 (8th Cir. 1998). "The court must weigh the defendant's right to information against the government's privilege to withhold the identity of its confidential informants." *Lapsley*, 334 F.3d at 763-64 (quoting *United States v. Fairchild*, 122 F.3d 605, 609 (8th Cir. 1997)). When weighing the interests of the accused against the interests of the public, "the court must consider the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *United States v. Harrington*, 951 F.2d at 877 (citing *Roviaro v. United States*, 353 U.S. 53, 62 (1957)). The defendant must demonstrate that the disclosure of an informant's identity "is material to the outcome of his case; in other words, that disclosure is vital to ensure a fair trial." *United States v. Gonzalez–Rodriguez*, 239 F.3d 948, 951 (8th Cir. 2001). "Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Morris*, 53 F.3d 201, 206 (8th Cir. 1995) (footnote omitted). "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro*, 353 U.S. at 60-61.

The government represents to the court that C/I 1355 and Victim #1 will be called to testify at trial, and has provided their statements to the defense with witness names and identifying information redacted. (Filing No. 276 at p. 3). The government has also provided the defense with Victim #2's statements with the identifying information redacted. The government asserts the identities of the informant and victims was redacted to protect their safety. The government alleges that the defendants are members of a street gang that routinely engages in witness intimidation and retaliation. For example,

co-defendant Bahati is charged in the Superseding Indictment with attempting to shoot Victim #5 after accusing Victim #5 of providing information to rival gang members. (Filing No. 33 at p. 11). Co-defendant Dionte Dortch is charged in the Superseding Indictment with witness tampering for threatening and intimidating Victim #10 for talking to law enforcement and testifying before the grand jury. (Filing No. 33 at pp. 12, 17). On April 10, 2016, Dortch wrote a letter to an individual he identifies as "Sin," asking Sin to "post my charges on fb [Facebook] and tag me[.] [T]hem bitches Gone see that and Get spook hopefully they don't show up and stop cooperating." Dortch also writes, "I can win if there's 'no witnesses' to testify." (Filing No. 278 at p. 4).

The court finds the defendants have met their burden to show a need for the disclosure of the identities of C/I 1355, Victim #1, and Victim #2. The Superseding Indictment charges Haynie with crimes arising out of his alleged actions against Victim #1 and Victim #2 directly, and thus they are more properly characterized as witnesses to the offenses charged, rather than a confidential informant. See *Morris*, 53 F.3d at 206 ("Where the witness is . . . witness to the offense charged, disclosure will almost always be material to the accused's defense."). The court further finds the identity of C/I 1355 is relevant to the accused's defense. However, the government has provided evidence of legitimate concerns for the safety of the witnesses if their identities were disclosed. Therefore, the court will only order disclosure of the witnesses' identities fourteen calendar days prior to trial. Accordingly,

**IT IS ORDERED:** The Motions for Disclosure of Confidential Witnesses (Filing No. 211; Filing No. 241) filed by Defendants Gregory Bahati and Jerell Haynie are granted and the government is ordered to reveal the identity of the witness to the defendants fourteen (14) calendar days prior to trial.

**DATED: January 4, 2017**

**BY THE COURT:**

3

s/ F.A. Gossett, III
**United States Magistrate Judge**